**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 2:22-cr-00129-GMN-DJA |
| vs. | |
| | **ORDER SETTING** |
| CHRISTIAN DEMARCO THOMAS, | **EVIDENTIARY HEARING** |
| Defendant. | |

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Daniel J. Albregts, (ECF No. 135), recommending the Court deny Defendant Christian DeMarco Thomas's Motion to Dismiss, (ECF No. 128).  Defendant objected to the Magistrate Judge's finding that the destroyed evidence was not exculpatory and that the destruction was not done in bad faith. (Obj., ECF No. 136).  He requests an evidentiary hearing to determine the intent of the parties responsible for the destruction of evidence. (*Id.* 3:1–2).

The Court GRANTS the request for an evidentiary hearing.  The hearing will first focus on the exculpatory nature of the destroyed evidence.  The Defendant must demonstrate that the evidence was either apparently exculpatory, such that a finding of bad faith would not be necessary, or potentially exculpatory, in which it would. *See Arizona v. Youngblood*, 488 U.S. 51, 56-57 (1988); *United States v. Ubaldo*, 859 F.3d 690, 703 (9th Cir. 2017).  The Government's Response to Defendant's Motion to Dismiss stated vaguely that the firearm and magazines were swabbed for DNA, and that the results showed each item had traces of DNA from four individuals, including the Defendant. (Resp. 1:22–2:1).  The Government should be prepared to produce the relevant results, as well as a witness who can testify as to their inculpatory or exculpatory nature.

1       If the Court finds the evidence to be potentially exculpatory, Defendant should be

2  prepared to demonstrate that the evidence was destroyed in bad faith.  The presence or absence

3  of bad faith "turns on the government's knowledge of the apparent exculpatory value of the

4  evidence at the time it was lost or destroyed." *United States v. Cooper*, 983 F.2d 928, 931 (9th

5  Cir. 1993).   And "[b]ad faith requires more than mere negligence or recklessness." *United*

6  *States v. Flyer*, 633 F.3d 911, 916 (9th Cir. 2011) (citing *Youngblood,* 488 U.S. 51 at 58).

7  **I.     CONCLUSION**

8       **IT IS HEREBY ORDERED** that an Evidentiary Hearing will be held on March 18,

9  2025, at 9:00 AM in LV Courtroom 7D in front of Judge Gloria M. Navarro.  The parties are

10  ordered to provide a list of witnesses to the Court by March 14, 2025.  Calendar Call will

11  follow the evidentiary hearing.

12

13       **DATED** this ___6___ day of March, 2025.

14

15  _____

16       Gloria M. Navarro, District Judge
      United States District Court

17

18

19

20

21

22

23

24

25