SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634
AFROZA YEASMIN
Assistant United States Attorney
EDWARD D. PENETAR
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Afroza.Yeasmin@usdoj.gov
Edward.Penetar@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>        vs.<br><br>CHRISTIAN DEMARCO THOMAS,<br><br>                        Defendant. | CASE NO:  2:22-cr-0129-GMN-DJA<br><br>**STIPULATION TO CONTINUE GOVERNMENT'S RESPONSE DEADLINE FOR DEFENDANT'S MOTION TO INSPECT HENTHORN MATERIAL [ECF NO. 142]** |

It is hereby stipulated and agreed, by and between Sue Fahami, United States Attorney, through Afroza Yeasmin and Ed Penetar, Assistant United States Attorneys, and Chris T. Rasmussen, Esq. and Jess Marchese, Esq. counselors for Defendant Christian Demarco Thomas, that the government's deadline to respond to defendant's Motion to Inspect Henthorn Material [ECF No. 142] in the above-captioned matter, currently scheduled for March 27, 2025, be vacated and continued until a time convenient to the Court, but no earlier than 115 days from the current setting.

This Stipulation is entered into for the following reasons:

1.      The defendant was ordered placed into custody of the Bureau of Prisons for a

1  mental health examination.

2      2.    Pending a determination as to the defendant's competency to stand trial, the

3  matter was continued from its previous trial setting of March 24, 2025, to August 25, 2025.

4      3.    This continuance is not sought for purposes of delay, but to allow the

5  government adequate time to effectively and thoroughly prepare a timely response, taking

6  into account the exercise of due diligence, after a determination as to the defendant's

7  competency to stand trial has been established.

8      4.    Defendant is currently in custody and does not object to this continuance.

9      5.    Denial of this request could result in a miscarriage of justice, taking into

10  account the exercise of due diligence.

11      6.    The additional time requested by this stipulation is excludable in computing

12  the time within which the trial must start under the Speedy Trial Act, Title 18, United States

13  Code, Section 3161 et. seq., considering the factors under Title 18, United States Code,

14  Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

15  Dated March 18, 2025

16  SUE FAHAMI
    United States Attorney

17
    By: s/ Afroza Yeasmin                        By: s/ Chris T. Rasmussen
18      AFROZA YEASMIN                               CHRIS T. RASMUSSEN, ESQ.
        Assistant United States Attorney             Counsel for Defendant

19

20

21

22

23

24

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

               Plaintiff,

  vs.

CHRISTIAN DEMARCO THOMAS,

               Defendant.

CASE NO:  2:22-cr-0129-GMN-DJA

FINDINGS OF FACT

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds that:

1.     Trial in this matter was previously set for March 24, 2024, and was recently continued to August 25, 2025.

2.     Defendant was placed into the custody of the Bureau of Prisons for a mental health examination.

3.     Therefore, the parties agree to continue the currently scheduled response deadline from March 27, 2025, to a date convenient to the Court, but no sooner than 115 days from the current setting.

4.     The Court finds good cause to continue the response deadline. This continuance is not sought for purposes of delay, but to allow the government adequate time to effectively and thoroughly prepare a timely response, taking into account the exercise of due diligence, after a determination as to the defendant's competency to stand trial has been established.

5.     Defendant is in custody and does not object to this continuance.

6.     Denial of this request could result in a miscarriage of justice, taking into account the exercise of due diligence.

1     7.     The additional time requested by this stipulation is excludable in computing

2     the time within which the trial must start under the Speedy Trial Act, Title 18, United States

3     Code, Section 3161 et. seq., considering the factors under Title 18, United States Code,

4     Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

5     For all of the above-stated reasons, the ends of justice would be served best by a

6     continuance of the trial date.

7     **<u>ORDER</u>**

8     IT IS THEREFORE ORDERED that the Government's deadline to respond to

9     defendant's Motion to Inspect Henthorn Material [ECF No. 142] in *United States v. Christian*

10    *Demarco Thomas*, 2:22-cr-0129-GMN-DJA, previously scheduled for March 27, 2025, is

11    vacated and continued until __July 25, 2025_____.

12

13    Dated this __20th__ day of ____March____, 2025.

14

15    By: _____

16    HONORABLE DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24