1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

United States of America,

Plaintiff,

v.

Christian DeMarco Thomas,

Defendant.

Case No. 2:22-cr-00129-GMN-DJA

**Report and Recommendation on Defendant's Competency**

This matter is before the Court on the question of Defendant Christian DeMarco Thomas' competency to stand trial. The Court held a competency hearing pursuant to 18 U.S.C. § 4241(c) on June 16, 2025. (ECF No. 160). The Court considered the report of Bureau of Prisons ("BOP") Forensic Psychologist Cynthia A. Low, Ph.D. dated June 5, 2025. (ECF No. 159, filed under seal). The Court also considered the arguments of counsel at the hearing. Based on that report and those arguments, the Court found Mr. Thomas incompetent to stand trial and committed him to the custody of the Attorney General for treatment under 18 U.S.C. § 4241(d). (ECF No. 160).

The Court was later notified that Mr. Thomas had returned to the District of Nevada and held a hearing regarding the status of his commitment on August 27, 2025. (ECF No. 167). During that hearing, the Court learned that the facility where Mr. Thomas was committed did not find the Court's prior order on the record to be sufficient to commit Mr. Thomas, had not begun rehabilitation efforts, and therefore returned Mr. Thomas to the District of Nevada. The Court therefore enters this recommendation to commit Mr. Thomas under 18 U.S.C. § 4241(d).

I.      **Background.**

Mr. Thomas is charged in an Amended Criminal Indictment with one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF

No. 17).  On August 6, 2024, Mr. Thomas' counsel moved on an emergency basis for a competency evaluation under 18 U.S.C. § 4241 and Federal Rule of Criminal Procedure 12.2(c)(1)(A).  (ECF No. 106).  The Court ordered Mr. Thomas to undergo a competency evaluation.  (ECF No. 109).  Dr. Ryan Nyobo, Psy.D. conducted a psychological evaluation of Mr. Thomas dated November 22, 2024.  (submitted *in camera*).  And at its December 23, 2024, competency hearing, found Mr. Thomas to be competent.  (ECF No. 118).

On March 12, 2025, Mr. Thomas' counsel again moved on an emergency basis for a competency evaluation.  (ECF No. 139).  The Court ordered Mr. Thomas to undergo another competency evaluation.  (ECF Nos. 144, 148).  Dr. Cynthia Low, Ph.D. conducted a psychological evaluation of Mr. Thomas dated June 5, 2025.  (ECF No. 159, filed under seal).  At its June 16, 2025, hearing, the Court found Mr. Thomas to be incompetent and ordered him committed.  (ECF No. 160).

### A.    Dr. Ryan Nyobo, Psy.D's report dated November 22, 2024.

Dr. Nyobo diagnosed Mr. Thomas with unspecified schizophrenia spectrum and other psychotic disorder (provisional); antisocial personality disorder; alcohol use disorder, severe, in a controlled environment; and opiate use disorder, severe, in a controlled environment.  Dr. Nyobo noted that, "[to] maintain the defendant's current level of functioning, it is important he take psychiatric medication as prescribed."  Dr. Nyobo ultimately found that Mr. Thomas understood the criminal charges he was facing and the related court proceedings.

### B.    Chris T. Rasmussen, Esq.'s declaration dated March 12, 2025.

On March 12, 2025, Mr. Thomas' attorney Chris Rasmussen moved for a competency hearing.  (ECF No. 139).  Mr. Rasmussen attached a declaration stating that, in an unusual fashion, Mr. Thomas had not contacted his counsel for at least a month.  (*Id.* at 4).  However, on March 12, 2025, Mr. Thomas called Mr. Rasmussen in a delusional state, declaring that he was the real "NBA Youngboy" and that his identity was stolen by an "AI-Music Computer."  (*Id.*).  Mr. Rasmussen reported that Mr. Thomas' speech pattern was similar to what it was before he previously went to SEA-TAC for treatment.  (*Id.*).

1    ***C.    The Court's observations on March 14, 2025.***

2       On March 14, 2025, the Court considered Mr. Thomas' counsel's motion for a

3   competency evaluation.  (ECF No. 144).  During that hearing, Mr. Thomas' counsel began to

4   explain that Mr. Thomas had brought papers regarding his music to meet with his counsel.  Mr.

5   Thomas interrupted his counsel to assert that he had lost about $120 trillion related to his music.

6   He talked about his "AI character," and explained that he was the sole founder and creator of

7   NBA Youngboy Records.  Mr. Thomas asserted that the FBI knew about him being the founder

8   and creator of NBA Youngboy Records and that his music was worldwide.  He claimed that the

9   District Attorney was taking the money he had earned from his music.  When the Court

10   questioned Mr. Thomas about the papers he had given his attorney, Mr. Thomas asserted that the

11   papers included all the music he had written that was "popping up" on the MP3s at the facility

12   where he was in custody.  Mr. Thomas rambled again about his AI character, about "fabricated

13   cases" against him, about propaganda against him, and asked to be connected to the "royalty

14   board."  Counsel for the government did not oppose the competency evaluation.

15    ***D.    Dr. Cynthia Low Ph.D.'s report dated June 5, 2025.***

16       In conducting her report, Dr. Low relied in part on Dr. Nyobo's report to establish

17   background.  (ECF No. 159, filed under seal).  However, Dr. Low noted that, during her

18   evaluation, Mr. Thomas was a questionable and inconsistent historian with regard to his mental

19   health, provided contradictory information about his history of psychiatric medication, and

20   readily discussed beliefs that appeared to be delusional.  (*Id.* a 3).  Dr. Low diagnosed Mr.

21   Thomas as exhibiting schizophrenia; antisocial personality disorder; alcohol use disorder, severe,

22   in a controlled environment; and opiate use disorder, severe, in a controlled environment.  (*Id.* at

23   10).  Dr. Low noted that, while Mr. Thomas was prescribed an antipsychotic at the time, it was

24   unclear if he was taking his medication.  (*Id.* at 11-12).  Dr. Low ultimately concluded that Mr.

25   Thomas "suffers from a mental disease that significantly impairs his rational understanding of the

26   proceedings against him, and significantly impairs his ability to assist properly in his defense."

27   (*Id.* at 15).  Dr. Low recommended formal competency restoration measures, including

28   medication compliance.  (*Id.* at 15).

1    **II.    Legal standard.**

2    The Supreme Court of the United States has "repeatedly and consistently recognized that

3    'the criminal trial of an incompetent defendant violates due process.'" *Cooper v. Oklahoma*, 517

4    U.S. 348, 354 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453 (1992)). "Competence to

5    stand trial is rudimentary, for upon it depends the main part of those rights deemed essential to a

6    fair trial, including the right to effective assistance of counsel, the rights to summon, to confront,

7    and to cross-examine witnesses, and the right to testify on one's own behalf or to remain silent

8    without penalty for doing so." *Cooper*, 517 U.S. at 354 (internal citation omitted). "[A] person

9    whose mental condition is such that he lacks the capacity to understand the nature and object of

10   the proceedings against him, to consult with counsel, and to assist in preparing his defense may

11   not be subjected to trial." *Drope v. Missouri*, 420 U.S. 162, 171 (1975).

12   The treatment of offenders suffering from a mental disease or defect has been codified in

13   the Federal Criminal Code. 18 U.S.C. §§ 4241-48. If a question is raised concerning whether a

14   defendant is competent to stand trial, the court first determines whether that defendant suffers

15   from a mental disease or defect rendering him mentally incompetent to the extent that he is

16   unable to understand the nature and consequences of the proceedings against him or to assist

17   properly in his defense. 18 U.S.C. §§ 4241(a), (d). When the court has reasonable cause to

18   believe a defendant is suffering from a mental disease or defect rendering him unable to

19   understand the nature and consequences of the proceedings against him or assist properly in his

20   defense, the court shall conduct a hearing to determine whether that defendant is competent to

21   stand trial. 18 U.S.C. § 4241(a).

22   A defendant is deemed competent to stand trial if he "has sufficient present ability to

23   consult with his lawyer with a reasonable degree of rational understanding and ... has a rational as

24   well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S.

25   402, 402 (1960) (per curiam) (internal quotation marks omitted); *see also United States v.*

26   *Gastelum-Almeida*, 298 F.3d 1167, 1171 (9th Cir. 2002). "Whether a defendant is capable of

27   understanding the proceedings and assisting counsel is dependent upon evidence of the

28   defendant's irrational behavior, his demeanor in court, and any prior medical opinions on his

competence." *Miles v. Stainer*, 108 F.3d 1109, 1112 (9th Cir. 1997). The United States has the burden of demonstrating by a preponderance of the evidence that the defendant is competent to stand trial. *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991). The test that must be applied in determining competency to stand trial is set forth in *Dusky*: "it is not enough for the district judge to find that 'the defendant [is] oriented to time and place and [has] some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *Dusky*, 362 U.S. at 402. While a finding of incompetency is predicated on the existence of a mental disease or defect, the standard for evaluating a defendant's competency to stand trial is not a medical inquiry; rather, it is a legal determination. *United States v. Makris*, 535 F.2d 899, 908 (5th Cir. 1976). In determining competency, the court may rely on a number of factors, including medical opinions and the court's own observation of the defendant. *See Torres v. Prunty*, 223 F.3d 1103, 1108-109 (9th Cir. 2000).

### III.    Discussion.

Based on Dr. Low's report, the declaration of Mr. Thomas' counsel, and the Court's own observations, Mr. Thomas appears to be disconnected from reality. By a preponderance of the evidence, this Court finds that Mr. Thomas does not have any rational or factual understanding of the nature or consequences of the proceedings against him. Likewise, the Court finds by a preponderance of the evidence that Mr. Thomas is unable to assist properly in his defense, as he is not able to consult with his lawyer with any reasonable degree of rational understanding.


**IT IS THEREFORE RECOMMENDED** that

(1) Defendant Christian DeMarco Thomas be declared to be mentally incompetent to proceed in this case and be committed to the custody of the Attorney General of the United States pursuant to 18 U.S.C. § 4241(d);

(2) that the Attorney General, pursuant to 18 U.S.C. § 4241(d), hospitalize Mr. Thomas for treatment in an appropriate facility for such a reasonable period of time, not to exceed four

months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(3) forty-five days from today, the Attorney General or his designee file a status report indicating whether Mr. Thomas' condition has improved.

## **<u>NOTICE</u>**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: August 28, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE